## Wilson v. I. J. Cooper Rubber Co. et al.

(Decided Dec. 12, 1933.)

THURMAN B. DIXON for appellant.

W. D. GILLIAM and N. F. HARPER for Standard Oil Co.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

On April 2, 1932, the residence and household furnishings of G. G. Wilson were destroyed by fire. His property was insured with various fire insurance companies in the sum of several thousand dollars. On April 4, 1932, R. E. Wilson instituted a suit in the Allen circuit court against G. G. Wilson, alleging that G. G. Wilson was indebted to him in a sum named therein, and attempted to procure orders of attachment, and the insurance companies were summoned as garnishees. On April 20, 1932, a judgment was entered

pro confesso upon the pleadings and exhibits and the orders of attachment sustained and the insurance companies directed to pay into the court whatever funds they may be indebted to G. G. Wilson by reason of his loss under the policies. Later the Standard Oil Company and I. J. Cooper Rubber Company filed their separate actions against G. G. Wilson to enforce the collection of certain judgments which they had obtained against him a few years previous, and they also attached the same funds in the hands of the insurance company, and in these actions they sought to vacate the judgment obtained by R. E. Wilson, alleging that same was void, in that it was procured by fraud.

It was further alleged that G. G. Wilson had been tried and adjudged a lunatic, and that R. E. Wilson, his father, was appointed his committee, and that the judgment so adjudging G. G. Wilson a lunatic was at the time of the institution of R. E. Wilson's action against his son and ward in force and effect, and that G. G. Wilson had not been since the rendition of such judgment adjudged competent or sui juris. Later, at a succeeding term of the court, R. E. Wilson filed his amended petition purporting to amend the original petition on which he obtained his judgment at the April, 1932, term of the court, in which amendment he specifically alleged and set out that G. G. Wilson had been adjudged a lunatic in 1928 and that he was appointed his committee. In the amendment he made himself a party defendant as committee for G. G. Wilson, and asked that guardian ad litem be appointed to answer and defend for his codefendant and ward, G. G. Wilson. The court on its own motion struck the amended petition from the files and held the judgment void.

This case is unique in practice and unusual in procedure. The defendant was a lunatic, and had been so adjudged. His father had been appointed and was acting as his committee. He brought this suit in his own name against his ward and himself as committee.

Section 53 of the Civil Code of Practice provides how a person of unsound mind, who is made a defendant in an action, may be summoned. No summons was issued nor served on the ward, G. G. Wilson, as therein provided. In an action against a lunatic for whom a committee has been appointed, his committee is a necessary party. Frazer v. Frazer, 76 S. W. 546, 25 Ky. Law Rep. 882.

The judgment rendered on the facts and in the circumstances disclosed by this record in favor of R. E. Wilson, against G. G. Wilson, his son and ward, is void, and the judgment of the circuit court in so declaring it was proper. It is not necessary to pass upon other questions involved.

The judgment is affirmed.

The whole court sitting.